Jack G. KELLY, Plaintiff–Appellee,

v.

Charles C. FOTI, Jr., Defendant–Appellant,

City of New Orleans, John Doe, and Jane Roe, Defendants.

No. 94–30685
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 4, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied April 29, 1996.

Michael R. Allweiss, Ellen Widen Kessler, Judith A. Kaufman, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, LA, Gerald J. Martinez, Metairie, LA, for Appellee.

Before KING, SMITH and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Sheriff Charles Foti, Jr. appeals the denial of summary judgment in this civil rights action brought by plaintiff Jack Kelly under 42 U.S.C. § 1983. We affirm as to Kelly's fourth amendment strip search claim and dismiss the appeal as to her other claims.

## I.

A New Orleans police officer stopped Kelly, a tourist in town for a convention, for making an illegal left turn. Kelly explained that she inadvertently had left her driver's license at her hotel, and the officer called for backup to administer a DWI test, which Kelly passed. The police brought Kelly to a holding facility after arresting her for making the illegal turn and driving without a license.

Kelly called her sister in Baton Rouge and husband in Connecticut and asked them to post bond, but they failed to do so promptly. After Kelly had been at the holding facility between four and five hours, police shackled and handcuffed her and took her to a female detention facility, where they subjected her to a strip and cavity search. The police ordered Kelly to strip, turn around, bend over, spread her buttocks, and cough.

After Kelly dressed, police escorted her to another room, where they told her to strip again and sprayed disinfectant on her crotch, breasts, and head. They then took Kelly to a shower area, where she showered in view of other inmates, before locking her in a cell. Kelly's family bonded her out approximately eleven hours after the arrest.

Kelly filed suit, alleging a variety of federal and state constitutional claims and state law tort claims. The parties filed cross-mo-

T. Allen Usry, Craig E. Frosch, Usry & Weeks, Metairie, LA, for Appellant.

tions for summary judgment, which the ·district court denied. Foti appeals the denial of summary judgment on qualified immunity grounds; Kelly does not cross-appeal.

## II.

■ We analyze a claim of qualified immunity under a two-step process. We first consider whether the plaintiff has "allege[d] the violation of a clearly established constitutional right" under currently applicable constitutional standards. *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Rankin v. Klevenhagen,* 5 F.3d 103, 106 (5th Cir.1993). If the official's conduct was unconstitutional, we determine whether it was nonetheless objectively reasonable in light of judicial precedent at the time of the infraction. *Id.* at 108.

■ We review a grant of summary judgment *de novo. Hanks v. Transcontinental Gas Pipe Line Corp.,* 953 F.2d 996, 997 (5th Cir.1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to˙ support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Hanks,* 953 F.2d at 997.

## III.

### A.

■ Kelly first claims that the strip search violated the Fourth Amendment. Jail officials may strip search a person arrested for a minor offense and detained pending the posting of bond only if they possess a reasonable suspicion that he is hiding weapons or contraband. *Watt v. City of Richardson Police Dep't,* 849 F.2d 195, 197 (5th Cir.1988). A

reasonable suspicion may arise from factors such as "the nature of the offense, the arrestee's appearance and conduct, and the prior arrest record." *Id.* (quoting *Giles v. Ackerman,* 746 F.2d 614, 617 (9th Cir.1984), *cert. denied,* 471 U.S. 1053, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985)).

Foti concedes that neither Kelly's traffic violations nor her appearance and conduct created a reasonable suspicion that she was attempting to smuggle contraband into the detention facility. He contends, however, that Kelly's arrest on a minor offense, lack of photo identification, and failure to post a $200 bond within four or five hours created such a suspicion. Alternatively, Foti argues that a reasonable officer could have believed that the search was lawful because (1) Kelly's lack of photo identification prevented jail officials from investigating her criminal background, and (2) no reported case involves a situation in which jail officials were unable to investigate one of the three primary factors bearing on reasonable suspicion.

The district court rejected Foti's contentions. The court observed that his arguments amount to an assertion that a strip search is warranted whenever police arrest a person for driving without a license who fails to post bond promptly; the court concluded that in light of the undisputed evidence of Kelly's demeanor, the search was not objectively reasonable.

### B.

■ We have jurisdiction to consider Kelly's strip search claim, because the district court ruled against Foti "[i]n light of the strong precedent ... and the uncontroverted evidence." Denial of summary judgment on the ground of qualified immunity is immediately appealable to the extent that the question on appeal is whether the undisputed facts amount to a violation of clearly established law. *Johnson v. Jones,* — U.S. —, —, 115 S.Ct. 2151, 2155, 132 L.Ed.2d 238 (1995).

■ Though Foti concedes that Kelly's conduct did not create a reasonable suspicion, his argument actually rests on her conduct: making an illegal turn, driving without

photo identification, and failing to post bond promptly. We agree with the district court that this conduct did not create a reasonable suspicion.

First, while an individual's refusal to identify himself may give rise to a reasonable suspicion, *see Wachtler v. County of Herkimer*, 35 F.3d 77, 81–82 (2d Cir.1994), Kelly readily identified herself and told the arresting officer that her driver's license was in her hotel room. Second, Kelly can hardly be said to have impeded the police's efforts to investigate her background, as it is undisputed that she cooperated with police, answered all of their questions, and presented a purse full of non-photo identification.

Third, Kelly's inability to post bond promptly does not, by itself, count against her. Finally, while a reasonable suspicion may be based upon a combination of factors, we have found no evidence in the record that jail authorities had any reason to suspect that Kelly was anything other than a polite, well-behaved tourist who had committed two minor traffic infractions.

■ Turning to the second prong of qualified immunity analysis, we conclude that an officer's inability to confirm an arrestee's identity did not make a strip search objectively reasonable in 1992. A strip search is permissible only if the official has an *individualized* suspicion that the arrestee is hiding weapons or contraband. This suspicion must relate to the "individual arrestee," not a "category of offenders," *Watt,* 849 F.2d at 197, and does not arise merely because an arrestee fails to post bond immediately and police move him to general population. *Weber v. Dell,* 804 F.2d 796, 801–02 (2d Cir.1986), *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987). In short, pure speculation does not create a reasonable suspicion; nor does a generalized fear of a category of arrestees.

### C.

■ Kelly asks us to reverse the district court's denial of her cross-motion for summary judgment. The district court denied Kelly's motion without prejudice pending the outcome of this appeal. Because Kelly did not file a notice of appeal or cross-appeal, however, we lack jurisdiction to alter the district court's judgment in her favor. *See Northwest Airlines v. County of Kent,* —— U.S. ——, ——, 114 S.Ct. 855, 862, 127 L.Ed.2d 183 (1994). We therefore express no opinion on the merits of Kelly's motion.

### IV.

Foti argues on appeal that he has qualified immunity against Kelly's other claims. As Kelly notes, however, Foti's motion for summary judgment asserted qualified immunity only as to Kelly's strip search claim; as to her other claims, Foti requested summary judgment only on the merits.

■ We consider an issue raised for the first time on appeal only if it presents a purely legal question and failure to address it would result in grave injustice. *Hogue v. United Olympic Life Ins. Co.,* 39 F.3d 98, 102 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2248, 132 L.Ed.2d 256 (1995). Declining to address Foti's qualified immunity defense will not result in grave injustice, as this is only an interlocutory appeal, and litigation must proceed on the Fourth Amendment claim in any event. *See also Barrett v. Thomas,* 649 F.2d 1193, 1201 (5th Cir. Unit A July 1981) (refusing to entertain the fact-specific defense of qualified immunity for the first time on appeal), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440, *and cert. denied,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982).

Kelly argues that Foti waived any qualified immunity claim, as to issues other than the strip search, by failing to assert it in the district court. Though Foti does not address Kelly's waiver argument in his reply brief, we note that he tangentially raised a qualified immunity defense in the district court.

In his response to Kelly's cross-motion for summary judgment, Foti stated without elaboration that he is entitled to qualified immunity on Kelly's federal privacy claim and mentioned in passing that Louisiana law recognizes a qualified immunity defense. Foti then requested, in the conclusion of that brief, "that [he] be adjudged to be entitled to qualified immunity, and to summary judg-

ment on Plaintiff's miscellaneous § 1983 and state law claims."

Kelly did not respond to this new argument in her reply brief. The district court opinion states only as follows: "Sheriff Foti has also moved for summary judgment on Ms. Kelly's claims [other than the Fourth Amendment violation]. The court finds that material issues of fact exist with respect to these claims, precluding summary judgment."

 Foti's sporadic mention, in his response to Kelly's cross-motion, did not fairly present a qualified immunity defense to the district court. A party must press, not merely intimate, an argument, in order to preserve it for appeal.[1] "The raising party must present the issue so that it places the opposing party and the court on notice that a new issue is being raised."[2] Foti disclaimed the qualified immunity defense in his motion for summary judgment, explaining that he requested it only as to Kelly's strip search claim.

While the conclusion to Foti's response to Kelly's cross-motion requested qualified immunity generally, the body of that brief made only tangential references to qualified immunity in the context of only some of Kelly's claims. These isolated and belated references in a response to a cross-motion did not "press" qualified immunity sufficiently to put Kelly and the court on notice that Foti was raising a defense that he had previously disclaimed. In fact, neither Kelly's reply brief nor the court's opinion reflects an awareness that Foti had raised this fact-specific defense.[3]

## V.

In light of the foregoing, we AFFIRM the denial of summary judgment as to Kelly's fourth amendment strip search claim, DIS-

MISS the appeal as to Kelly's other claims, and REMAND for further proceedings.

1. *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir.1994); *Butler Aviation Int'l v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1128 (5th Cir.1993).

2. *Portis v. First Nat'l Bank*, 34 F.3d 325, 331 (5th Cir.1994).

3. Cf. *First United Fin. Corp. v. Specialty Oil Co.*, 5 F.3d 944, 948 n. 9 (5th Cir.1993) (refusing to review a belatedly-raised defense because there was no indication that the district court had exercised its discretion to consider it).