IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40709
Summary Calendar

CARMEN DUGAN, Individually and as next
friend of Jane B., a minor,

                                    Plaintiff-Appellee,

        versus

HARRISON COUNTY, TEXAS; PATRICK A. JOHNSON,

                                    Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-187

January 3, 2003

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

        Patrick Johnson appeals the district court's summary judgment
ruling denying him qualified and official immunity from the
plaintiff's 42 U.S.C. § 1983 and state law claims. The denial of
a motion for summary judgment based on qualified immunity is
immediately appealable only when based on an issue of law.

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999). Orders determining "only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial," are not based on an issue of law and are not immediately appealable. *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

Insofar as Johnson challenges the district court's legal determination that federal law clearly established that Jane B.'s custodial status entitled her the protections of the Fourteenth and Eighth Amendments during her stay in the S.T.A.R. boot camp, he does so for the first time on appeal. Because refusing to address Johnson's qualified immunity argument on interlocutory appeal will not result in grave injustice, we decline to address that argument at this time. *See Kelly v. Foti*, 77 F.3d 819, 822 (5th Cir. 1996).

Johnson's remaining appellate arguments challenge the district court's determination that Jane B. adduced sufficient evidence to raise a genuine issue of material fact suggesting that Johnson's conduct was objectively unreasonable. Johnson's remaining arguments, therefore, do not challenge an appealable final order, and we accordingly lack jurisdiction to review them. *See Reyes v. City of Richmond*, 287 F.3d 346, 351 (5th Cir. 2002); *Cantu v. Rocha*, 77 F.3d 795, 804 (5th Cir. 1996) (orders premised on the denial of qualified immunity under Texas law are appealable in federal court to the same extent as district court orders premised on the denial of federal law immunity).

2

APPEAL DISMISSED.