United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————————

No. 02-51164
SUMMARY CALENDAR

—————————————————

JERRY GLENN COOPER

Plaintiff - Appellant

v.

TEXAS PARDONS & PAROLES; GERALD GARRETT, Director Pardons & Parole

Defendants - Appellees

———————————————————————————————————————————————

On Appeal from the United States District Court for the
Western District of Texas, Austin Division
(A-02-CV-240-SS)

———————————————————————————————————————————————

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Jerry Glen Cooper, Texas inmate # 336606, proceeding *pro se* and *in forma pauperis*,

appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. In the district court,

Cooper alleged that he had a protected liberty interest in receiving a timely parole review and that

both his right to be protected from cruel and unusual punishment and his right to due process had

been violated because he had been denied his January 2002 parole review. Cooper also asserted

———————————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

that his right to equal protection had been violated when he was informed that he would not receive a parole review until his pending habeas suit was resolved. Cooper sought damages and injunctive relief.

The district court determined that defendant Garrett was entitled to qualified immunity and dismissed the claims for damages against him in his individual capacity. The district court also determined that Cooper had not asserted claims against the Texas Board of Pardons and Paroles and dismissed for lack of subject matter jurisdiction the claims for damages against Garrett in his official capacity. Lastly, the district court dismissed Cooper's claims for injunctive relief, determining that Cooper's allegations did not establish a constitutional violation and did not implicate a protected liberty interest.

Cooper's brief does not adequately challenge the district court's reasons for dismissing his claims. FED. R. APP. P. 28 (a)(9)(A) requires that the appellant's argument contain the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on. Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). We will not raise and discuss legal issues that the appellant has failed to assert; when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgement. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Cooper asserts for the first time that the defendants violated the Ex Post Facto Clause and increased his punishment by applying retroactive Texas law that requires the forfeiture of his good

conduct time. He asserts for the first time that his right to equal protection has been violated because he has been incarcerated for more than three years on a technical parole violation. He also asserts for the first time that he has a protected liberty and property interest in his good conduct time and that he has a liberty interest in mandatory supervised release.

We will consider an issue that is raised for the first time on appeal only if the issue "presents a purely legal question and failure to address it would result in grave injustice." *Kelly v. Foti*, 77 F.3d 819, 822 (5th Cir. 1996). Cooper's new ex post facto, equal protection, and liberty interest claims are not purely legal questions and were not raised in the district court. *See id.*

This appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike under the Prison Litigation Reform Act. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Cooper is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED and SANCTION WARNING ISSUED.