United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 23, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

No. 04-70020

_____

DAVID RAY HARRIS,

Plaintiff-Appellant,

VERSUS

DOUG DRETKE,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION;
NEILL HODGES,
WARDEN;
UNKNOWN EXECUTIONERS,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Southern District of Texas
m 04-CV-1514

_____

Before SMITH, DENNIS, AND CLEMENT,
    Circuit Judges.

PER CURIAM:[*]

David Harris appeals the dismissal of his suit, brought under 42 U.S.C. § 1983, challenging the manner in which the State of Texas intends to carry-out his execution by lethal injection on the scheduled date of June 30, 2004. The district court, relying on *Martinez v. Tex. Ct. of Crim. Appeals*, 292 F.3d 417, 421 (5th Cir. 2002), construed the complaint as a successive habeas corpus petition brought under 28 U.S.C. § 2254 and dismissed it for failure to seek this court's authorization to file it. *Cf.* 28 U.S.C. § 2244-(b)(3)(A). Agreeing with Harris that *Nelson v. Campbell*, 124 S. Ct. 2117 (2004), is a change in the law that undermines the basis for the district court's decision, we reverse and remand for further proceedings.

The district court's reliance on *Martinez* was well placed at the time it dismissed Harris's complaint. In *Martinez*, 292 F.3d at 421, and several cases adhering to it,[1] we interpreted *Gomez v. United States Dist. Ct.*, 503 U.S. 653 (1992) (per curiam), as standing for the proposition that a death row inmate may not use § 1983 to challenge the manner in

which the State intends to carry out a sentence of death. Such claims were thought to challenge the sentence itself, and as a result, could be raised only in a § 2254 habeas petition. *Cf. Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973).

*Nelson*, 124 S. Ct. at 2122, refutes that interpretation of *Gomez*, inasmuch as *Nelson* states that the Court "ha[s] not yet had occasion to consider whether civil rights suits seeking to enjoin the use of a particular method of executionSSe.g. lethal injection or electrocutionSSfall within the core of federal habeas corpus or, rather, whether they are properly viewed as challenges to the conditions of a condemned inmate's death sentence." Although *Nelson* leaves unsettled "the difficult question of how to categorize method-of-execution claims generally," *id.* at 2123-24, it recognizes that some such claims may be brought under § 1983 if they are sufficiently narrow in scope. *See id.* at 2123-25 (analyzing the claim by "focusing attention on whether petitioner's challenge . . . would *necessarily* prevent Alabama from carrying out its execution").

*Nelson* therefore overrules the categorical rule that was announced in *Martinez*, 292 F.3d at 421, and relied upon by the district court in this case. In its place, *Nelson* institutes a more probing standard that seeks to determine whether the complaint crosses the line between (1) method-of-execution claims that call into question only the manner and means of execution (and thus may be brought under § 1983) and (2) claims that call into question the validity of the execution itself (and thus sound only in habeas). *Id*. at 2123-24.

The State argues that *Nelson* is distinguishable, and that even if it is not, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Hines v. Johnson*, No. 03-21173, 83 Fed. Appx. 592 (5th Cir.) (per curiam), *cert. denied sub nom. Zimmerman v. Johnson*, 124 S. Ct. 1502 (2004); *Bruce v. Johnson*, No. 04-70001 (5th Cir. 2004) (per curiam) (unpublished); *Panetti v. Dretke*, No. 04-70002 (5th Cir. 2004) (per curiam) (unpublished).

court's dismissal can be upheld on several alternative grounds. Because the court issued its ruling before the state had an opportunity to file responsive pleadings, all of its arguments are newly raised on appeal. "We consider an issue raised for the first time on appeal only if it presents a purely legal question and failure to address it would result in grave injustice." *Kelly v. Foti*, 77 F.3d 819, 822 (5th Cir. 1996). No such injustice exists here, because the state has ample opportunity to urge its contentions on remand, *id.*, if the district court acts expeditiously, as we assume it will.

We therefore reverse and remand for further proceedings in light of *Nelson*. We express no opinion as to whether Harris's complaint falls within the permissible scope of § 1983 complaints recognized in *Nelson*, or whether there is any merit to the state's alternative defenses, such as exhaustion.

We do not stay Harris's execution, and in his brief in this appeal he specifies that he "does *not* . . . seek a stay of his execution." As recognized in *Nelson*, 124 S. Ct. at 2125-26, "the mere fact that an inmate states a cognizable § 1983 claim does not warrant the entry of a stay as a matter of right." There remain a number of procedural issues, *see id.* at 2126, the resolution of which should not require the entry of a stay. We do, however, request the district court to give emergency attention to this matter and enter an appealable order that will enable this court to resolve any pending matters in advance of the date set for execution.

The judgment is REVERSED, and this matter is REMANDED for further proceedings.[2] The mandate shall issue forthwith.

---

[2] The parties have complied with our order for expedited briefing, under which Harris would be entitled to file a reply brief by June 25. In light of the need for quick remand, and further because Harris is receiving the relief he requests on appeal (reversal and remand), the termination of briefing at this time is warranted. *See also* 5TH CIR. R. 31.4.4 (stating that "[t]he court assumes that the parties have had ample opportunity to present their arguments in their initial briefs").