United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-40055
Summary Calendar

———————————

JAMES CHARLES SMITH,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; CHUCK BISCOE, Unit
Warden; R. ALFORD, Assistant Unit Warden; MILLER, Major;
CHRISTOPHER LACOX, Captain; K. WHITMIRE, Box Factory Worker;
KENNETH PUTMAN, Sergeant; CHRISTY PUTMAN, Law Librarian;
SHAWN A. BELNAP, Correctional Officer; CANDICE A. HAM,
Property Officer; KENNETH W. STOCKHOUSE, Law Librarian; DAVID
J. WICKER SHAW, II, Captain; PENNY LONG, Mailroom Supervisor;
YOLANDA TAMEZ, Sergeant; TIMOTHY HINDSMAN, Lieutenant;
V. BARROW, Offender Counselor; RICHARD D. MCKEE, Law Librarian,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-177
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    James Charles Smith, Texas prisoner # 881812, appeals the

dismissal of his 42 U.S.C. § 1983 civil rights complaint for

failure to exhaust administrative remedies pursuant to 42 U.S.C.

§ 1997e.  Because Smith does not address the district court's

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 1915A dismissal of his property/conspiracy claim as frivolous, he has abandoned that claim. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Furthermore, Smith did not assert in the district court that the defendants used a shredding machine to prevent him from proving exhaustion. Therefore, this court need not address this assertion. See Kelly v. Foti, 77 F.3d 819, 822 (5th Cir. 1996); Williams v. CIGNA Fin. Advisors, Inc., 56 F.3d 656, 661 (5th Cir. 1995).

Under the Prison Litigation Reform Act (PLRA), prisoners are required to exhaust administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). The Texas prison system has a two-step formal grievance process. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).

Smith's complaint alleged that the defendants denied him access to the courts when they deprived him of his legal property and when they interfered with his legal mail. Prison officials may not deny prisoners access to the courts. Bounds v. Smith, 430 U.S. 817 (1977); Johnson v. Rodriquez, 110 F.3d 299, 310 (1997). The magistrate judge did not include in his characterization of Smith's claims a denial of access to the

courts claims and referred instead to deprivation of property and mail fraud claims.

Smith submitted Step 1 and Step 2 grievances wherein he complained that the deprivation of his legal property denied him access to the courts. Smith's grievances gave prison officials "a fair opportunity to address the problem that later formed the basis of the instant suit." Johnson, 385 F.3d at 517. Therefore, the district court erred in failing to identify Smith's claim that he was denied access to the courts and in dismissing it for failure to exhaust.

Smith filed a Step 1 grievance in which he complained that prison officials exposed him to second hand smoke and denied him adequate medical treatment. Because Smith did not demonstrate that he also filed a Step 2 grievance relative to these claims, the district court correctly dismissed them under § 1997e for failure to exhaust. See Johnson, 385 F.3d at 517.

Smith presented no evidence in the district court that he filed grievances relative to his claims that the confiscation of his religious materials violated his First Amendment and equal protection rights. Although the magistrate judge failed to identify these claims as such, they are subject to dismissal under § 1997e because Smith did not exhaust them. See Johnson, 385 F.3d at 515.

Thus, the district court's § 1915A dismissal of Smith's claim that the defendants conspired to deprive him of his legal

property is affirmed.  The district court's § 1997e dismissal of Smith's claims that the defendants, in retaliation for Smith's disclosure of their illegal activity, exposed him to second hand smoke, denied him adequate medical treatment, and violated his equal protection and First Amendment rights is affirmed.  The district court's § 1997e dismissal of Smith's claim that the defendants conspired to deny him access to the courts, however, is vacated, and the case is remanded to the district court for proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.