# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-51446
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL SHAWN GILBERT

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-42-ALL

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Shawn Gilbert (Gilbert) was convicted by a jury of a single count of possession with intent to distribute five grams or more of crack cocaine. Gilbert appeals the district court's denial of his motion to suppress evidence of the cocaine that was discovered during a strip search.

In reviewing the denial of a motion to suppress evidence, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hunt, 253 F.3d 227, 229-30 (5th Cir. 2001). The evidence is viewed in the light most favorable to the prevailing party, and the district court's credibility findings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are not second-guessed. Id. at 230; United States v. Garza, 118 F.3d 278, 282-83 (5th Cir. 1997).

In the present matter, Officer Joel Bermea (Bermea) of the Midland Police was on patrol when he received a report of a stolen vehicle. Bermea, who spotted the vehicle parked in front of the residence of a known drug dealer, had recently received reports from numerous contacts that Gilbert was also dealing drugs in the city. Bermea saw a male enter the vehicle in front of the residence and begin to drive off. Bermea pulled up behind the vehicle and flashed his lights. When the driver exited the vehicle, Bermea recognized him as Gilbert. Bermea arrested Gilbert for unauthorized use of a motor vehicle and turned him over to fellow Officer Earl Davis (Davis) for transport to the local jail. Along the way, Bermea radioed Davis and asked him to have Gilbert strip searched at the jail. As Gilbert was disrobing, Davis and jailer Alex Hernandez observed Gilbert reach behind to the area near his anus and then toss a plastic bag into the nearby shower. Lab tests confirmed that the bag contained crack cocaine.

In Kelly v. Foti, 77 F.3d 819, 822 (5th Cir. 1996), this court held that a strip search ordered by a police officer is permissible if the officer has an individualized suspicion that a person arrested is hiding weapons or contraband. Viewing the totality of the evidence in the light most favorable to the prevailing party in this case, this court finds that the district court did not clearly err in determining that Officer Bermea had a reasonable suspicion that justified the strip search of Gilbert.

The district court's judgment is AFFIRMED.