# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2025

Lyle W. Cayce
Clerk

No. 24-30053

United States of America,

*Plaintiff—Appellee*,

*versus*

Kristian Darnell Moore,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CR-121-1

Before Elrod, *Chief Judge*, and Jones and Stewart, *Circuit Judges*.
Per Curiam:*

   Kristian Darnell Moore appeals his conviction under 18 U.S.C. § 922(g)(1), arguing that the statute is unconstitutional. Because his arguments under § 922(g)(1) are now foreclosed by our precedent, we AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30053

## I. FACTUAL & PROCEDURAL BACKGROUND

In March 2017, Moore was arrested and charged with one felony count of possession with intent to distribute marijuana in violation of LA. R.S. STAT. § 40:966. In March 2018, Moore pleaded guilty in state court and was sentenced to ten years' imprisonment. His sentence was suspended, and he was placed on three years of probation. Moore's state probation conditions prohibited him from owning or possessing firearms.

Moore was arrested again on January 17, 2020, after law enforcement discovered that he had obtained multiple firearms in violation of his state probation conditions and used those firearms to cyberstalk and make terroristic threats against various pastors of local churches in Louisiana. In May 2022, he was charged in an indictment with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment on grounds that § 922(g)(1) violates the Second Amendment under the standard articulated in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The district court denied Moore's motion after a hearing. Moore then pleaded guilty and entered into a conditional plea agreement that reserved his right to appeal the denial of his motion to dismiss. The district court sentenced him to 27 months of imprisonment and three years of supervised release. Moore filed this appeal.

## II. STANDARD OF REVIEW

We conduct a de novo review of Moore's challenges to the constitutionality of § 922(g)(1). *See United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).[1]

---

[1] The government contends on appeal that Moore has forfeited his as-applied challenge to § 922(g)(1) for failure to raise the issue before the district court. However, our review of the record reveals that Moore raised the issue in his motion to dismiss and also at

No. 24-30053

## III. DISCUSSION

On appeal, Moore argues that § 922(g)(1) is facially unconstitutional under the Second Amendment and unconstitutional as applied to him. As we explain below, however, both of his arguments are now foreclosed by our recent precedent.

Under 18 U.S.C. § 922(g)(1) it is unlawful:

for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

This provision is commonly referred to as the felon-in-possession statute. *United States v. Collette*, No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024) (unpublished) (citing *United States v. Darrington*, 351 F.3d 632, 633 (5th Cir. 2003)).

After Moore and the government both submitted their opening briefs in this case, the Supreme Court issued its decision in *United States v. Rahimi*, 602 U.S. 680 (2024).[2] In *Rahimi*, the Court addressed a Second Amendment challenge to § 922(g)(8), which prohibits individuals subject to a domestic

---

the hearing on the motion to dismiss. For these reasons, we hold that Moore did not forfeit his as-applied argument. *See United States v. Hearns*, 845 F.3d 641, 648 (5th Cir. 2017) ("The raising party must present the issue so that it places the opposing party and the court on notice that a new issue is being raised." (quoting *Kelly v. Foti*, 77 F.3d 819, 823 (5th Cir. 1996))).

[2] Moore's opening brief was filed on May 20, 2024, and the government's brief was filed on June 11, 2024. *Rahimi* was decided on June 21, 2024. Moore's reply brief was then filed on July 2, 2024, a few weeks after *Rahimi* was decided.

violence restraining order from possessing a firearm. *Id*. at 684–85. The Court held in that case that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id*. at 702.

After the Court rendered its decision in *Rahimi*, a panel of this court addressed a similar issue in *United States v. Diaz*, 116 F.4th 458 (2024). In that case, the defendant, Ronnie Diaz, Jr., raised under the Second Amendment both facial and as-applied challenges to § 922(g)(1). *Id*. at 461. After analyzing the Supreme Court's decisions in *Bruen* and *Rahimi*, the panel rejected Diaz's challenges to § 922(g)(1). *Id*. at 472. The panel explained:

> The government has met its burden to show that applying 18 U.S.C. § 922(g)(1) to Diaz is consistent with this Nation's historical tradition of firearm regulation. *See Bruen*, 597 U.S. at 17. At the time of the Second Amendment's ratification, those—like Diaz—guilty of certain crimes—like theft—were punished permanently and severely. And permanent disarmament was a part of our country's arsenal of available punishments at that time.

116 F.4th at 472. Based on this reasoning, the panel concluded that "[b]ecause applying § 922(g)(1) to Diaz 'fit[] neatly' in this tradition," the statute was not unconstitutional—facially, or as applied to Diaz. *Id*. (quoting *Rahimi*, 602 U.S. at 698).

Given this recent precedent, Moore's argument in this case that § 922(g)(1) is facially unconstitutional is now squarely foreclosed by this court's decision in *Diaz*. 116 F.4th at 472; *see also In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another

panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").

This leaves us with Moore's as-applied challenge to § 922(g)(1). Moore argues that § 922(g)(1) "violates the Second Amendment as applied to him because the government failed to proffer Founding-era analogues that are 'distinctly similar' to Moore's single underlying felony conviction for possession with intent to distribute marijuana." Moore explains that he is a non-violent felon and only possessed a firearm in his vehicle and home "for personal protection." He asks this court to vacate his § 922(g)(1) conviction because the government has failed to establish that this country has a historical tradition of banning individuals from possessing firearms who have committed the same predicate felony offense.

Moore's arguments lack merit. As an initial matter, he neglects to mention on appeal that the terms of his probation for his 2018 state criminal conviction for possession with intent to distribute[3]—his predicate felony offense in this case—independently prohibited him from possessing firearms at the time he was apprehended under § 922(g)(1). In addition, as the government points out numerous times on appeal, Moore's PSR indicates that just prior to his arrest on January 17, 2020 for violating § 922(g)(1), he not only obtained multiple firearms in violation of his state probation conditions, but he used those firearms to cyberstalk and make terroristic threats against various pastors of local churches in Louisiana. As a result of his conduct, Moore was booked on a warrant for three counts of terrorizing and three counts of cyberstalking.

Moore contends in his reply brief that he should not be considered "violent" based on the conduct described in his PSR related to terroristic

_____

[3] *See* LA. R.S. STAT. § 40:966.

threats and cyberstalking because it was not included as part of his offense conduct or adjudicated in court. The record supports Moore's arguments in this respect because it does not show a conviction related to his terrorizing and cyberstalking conduct. In addition, despite the government's argument to the contrary, even if Moore *had* been convicted after his arrest for the cyberstalking and terroristic threat conduct, that conviction could not have served as a predicate felony offense under § 922(g)(1) because it would have been part of the same indictment as his § 922(g)(1) charge. This distinction is significant because, as the *Diaz* court explained, "[f]or the purposes of assessing [a defendant's] predicate offenses under § 922(g)(1), [the court] may consider prior convictions that are 'punishable by imprisonment for a term exceeding one year'" but the predicate offense cannot arise from the same indictment as the § 922(g)(1) charge because "that charge must instead rely on previous history." *Diaz*, 116 F.4th at 467. Consequently, under *Diaz*, any of Moore's past conduct that did not result in a felony conviction prior to his § 922(g)(1) charge, such as his cyberstalking and terroristic threat conduct, is irrelevant for purposes of analyzing his as-applied challenge in this appeal. *Id.*

But our analysis does not end there. As the government maintains, Moore's state probation conditions separately prohibited him from possessing firearms at the time he committed the instant § 922(g)(1) offense. Consistent with this argument, the government draws our attention to a recent case from this circuit, *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025). In that case, the defendant, Taegan Ray Contreras, was caught twice in 2020 possessing less than two ounces of marijuana, resulting in misdemeanor convictions. *Id.* at 727. The next year, a federal district court sentenced him to 24 months' imprisonment and three years of supervised release for being a user in possession of a firearm under 18 U.S.C. § 922(g)(3). *Id.* Contreras began serving his term of supervised release for the § 922(g)(3)

offense on September 30, 2022. *Id.* A few months after his supervised release term began, law enforcement began monitoring his social media accounts and discovered that he was in possession of a Glock handgun, even though he was on supervised release and prohibited from possessing a firearm. *Id.* at 727–28. A subsequent search of Contreras's vehicle was executed after a traffic stop and law enforcement recovered the Glock, along with eight grams of marijuana and drug paraphernalia. *Id.* at 728.

Contreras was then arrested and indicted on one count of possession of a firearm by a convicted felon pursuant to § 922(g)(1). *Id.* He moved to dismiss the indictment, arguing that § 922(g)(1) violated the Second Amendment and was inconsistent with the Supreme Court's holding in *Bruen*, raising both facial and as-applied challenges in his motion. *Id.* The district court denied his motion, concluding that § 922(g)(1) was facially constitutional and constitutional as applied to Contreras, distinguishing the facts of his case from those where courts have found the provision unconstitutional as applied. *Id.* Contreras then entered a conditional guilty plea for the felon-in-possession charge but reserved his right to appeal the district court's denial of his motion to dismiss. *Id.* The district court sentenced Contreras to 21 months' imprisonment, three years of supervised release, and ordered him to forfeit the Glock. *Id.*

Relevant here, the panel in *Contreras* observed that "[l]imitations on the constitutional right to bear arms while on probation are supported by our nation's historical tradition of firearm forfeiture laws, which temporarily disarmed persons while they completed their sentences." *Id.* at 732 (quoting *United States v. Goins*, 118 F.4th 794, 805 (6th Cir. 2024)); *see also United States v. Moore*, 111 F.4th 266, 271 (3d Cir. 2024). The panel pointed to the Third Circuit's reasoning in *Moore* that "[t]his historical practice of disarming a convict during his sentence . . . is like temporarily disarming a convict on supervised release . . . [because] [t]he defendant receives a term

of supervised release thanks to his initial offense, and . . . it constitutes a part of the final sentence for his crime." *Id.* (citations omitted). On these grounds, the panel held that § 922(g)(1) was facially constitutional under *Diaz* and constitutional as applied to Contreras based on the facts of that case. *Contreras*, 125 F.4th at 729, 733.

Another recent opinion of this court, *United States v. Giglio*, 126 F.4th 1039 (5th Cir. 2025), is also relevant here. There, the panel considered an as-applied challenge to § 922(g)(1) brought by the defendant, Damion Xavier Giglio, whose predicate felony was being an unlawful user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). *Id.* at 1041. While on supervised release for the § 922(g)(3) offense, Giglio committed the § 922(g)(1) offense. *Id.* The panel rejected his as-applied challenge and affirmed his § 922(g)(1) conviction, holding that the Second Amendment permits disarmament under § 922(g)(1) for those still serving a portion of their sentence for the predicate felony. *Id.* at 1044 ("[T]he government may disarm those who continue to serve sentences for felony convictions."). The panel specifically rejected Giglio's argument that, because the concept of supervised release was not expressly contemplated by the statute of conviction, this court's as-applied jurisprudence did not allow for consideration of the fact he was still on supervised release when he possessed the gun. *Id.* at 1046 ("We need not look beyond that conviction to understand that it was constitutional for the government to regulate his possession of firearms for that period of time.").

Here, Moore was on felony probation for a criminal sentence when he was caught through his social media posts to be in possession of firearms in violation of § 922(g)(1). Given this court's reasoning in *Contreras* and *Giglio*, Moore's probationary status at the time he was apprehended under

No. 24-30053

§ 922(g)(1) results in the failure of his as-applied challenge in this case. *See Contreras*, 125 F.4th at 732; *Giglio*, 126 F.4th at 1045–46.[4]

In sum, we affirm Moore's conviction under § 922(g)(1) because his facial challenge to the statute is foreclosed by *Diaz*, 116 F.4th at 472, and his as-applied challenge to the statute fails under both *Contreras*, 125 F.4th at 732, and *Giglio*, 126 F.4th at 1045–46.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[4] Moore argues on appeal that *Contreras* and *Giglio* are inapplicable here because those cases involved defendants serving terms of supervised release, as opposed to probation. We disagree. As the panel explained in *Giglio*, this court agrees with the Sixth Circuit's reasoning in *Goins* that "our nation's historical tradition of forfeiture laws . . . supports disarming those on parole, probation, or supervised release." 126 F.4th at 1044 (citing *Goins*, 118 F.4th at 801–02); *see also Contreras*, 125 F.4th at 732.