# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2026

Lyle W. Cayce
Clerk

No. 25-30434

_____

Edgar L. Merida,

*Plaintiff—Appellant*,

*versus*

Board of Commissioners of the Southeast Louisiana
Flood Protection Authority - East; Kelli Carol
Chandler; Terrance Durnin; Michael Brenckle; Donald
P. Juneau; Kenny Pinkston,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-1992

_____

Before Haynes, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Edgar Merida challenges the dismissal of his suit. Because he failed to explain how the district court erred, he has forfeited his arguments.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30434

## I.

Edgar Merida was fired from his job with the Southeast Louisiana Flood Protection Authority. He filed suit in Louisiana state court against his employer, his supervisor, and several of his coworkers. He alleged violations of the Louisiana Constitution's Equal Protection Clause; employment discrimination under state and federal law; tort claims including for negligent supervision and defamation; and conspiracy to commit these crimes. Defendants removed the case to federal court.

Relevant to this appeal, the district court dismissed most of Merida's claims pursuant to Defendants' FRCP 12(c) motion. After discovery, Defendants moved for summary judgment on Merida's remaining claims. The district court granted the motion and dismissed Merida's claims with prejudice. Merida timely appealed.

## II.

"A party forfeits an argument by failing to adequately brief the argument in its opening brief on appeal." *Vernon Smith, etc. v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) (citation modified). "[This court has] held that parties forfeited arguments by not attempting to rebut the district court's conclusions or by failing to cite the provisions at issue in the opening brief and explain why the district court was wrong about what those provisions permit." *Id.* (quotations omitted). Appellants must "address the district court's analysis and explain how it erred." *SEC v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022) (quotations omitted).

Merida forfeited his arguments "by not attempting to rebut the district court's conclusions" and "failing to cite the provisions at issue in the opening brief and explain why the district court was wrong about what those provisions permit." In his opening brief, Merida "barely addressed the district court's analysis and wholly neglected to explain how it erred." *Hall*

2

No. 25-30434

*v. UiPath, Inc.*, 123 F.4th 419, 423 (5th Cir. 2024) (quotations omitted). Therefore, Merida has forfeited his arguments.[1]

The judgment of the district court is affirmed.

––––––––––––––––––––––––––––––

[1] Only one claim plausibly passes this hurdle. Merida claims that "[t]he district court failed to apply the Continuous Tort Exception (*sic*) to Merida's claims" because it failed to see his termination and appeal through Louisiana's Civil Commission as "separate acts and damages by [Defendants]" which constitute one ongoing tort. However, Merida did not "press" this claim before the district court, and therefore it is also forfeited. *Garcia v. Orta*, 47 F.4th 343, 349 (5th Cir. 2022) (quotations omitted); *see also Kelly v. Foti*, 77 F.3d 819, 823 (5th Cir. 1996) ("[Appellant's] sporadic mention, in his response to [a] cross-motion, did not fairly present [the argument].").